```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

MATTHEW QUITTO,

                       Plaintiff,

vs.                                  Case No.  2:06-cv-286-FtM-29DNF

BAY COLONY GOLF CLUB, INC.,

                       Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand and Incorporated Memorandum of Law (Doc. #6) filed on June 21, 2006. Defendant Bay Colony Golf Club, Inc. filed a Response on July 10, 2006. (Doc. #11.)

**I.**

According to the Complaint, plaintiff Matthew Quitto was an employee of defendant Bay Colony Golf Club, Inc., beginning on or about December 20, 2001. During his employment, plaintiff alleges that he was subjected to a pattern of hostile and disparate treatment by defendant based upon his race, age and disability. In April 2005, plaintiff slipped and fell while at work and suffered injuries to his hip and back. Plaintiff then sought medical attention and was advised not to return to work for a period of time. Plaintiff submitted a request for leave under the Family Medical and Leave Act and a claim for benefits under the Florida Workers' Compensation Act. Both request and claim were denied.

Defendant subsequently terminated plaintiff's employment at the end of July 2005.

On May 10, 2006, plaintiff filed a ten-count Complaint in the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida. The Complaint alleges causes of action under the following federal and state statutes: (1) the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the FMLA)(Counts I, II); (2) race discrimination under 42 U.S.C. § 1981 (Section 1981) (Count III); (3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII) (Count IV); (4) Florida Civil Rights Act of 1992, FLA. STAT. § 760.01, *et seq.* (the FCRA) (Counts V, VII, IX); (5) the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.* (the ADA) (Count VI); (6) the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (the ADEA) (Count VIII); and (7) the Florida Workers' Compensation Act, FLA. STAT. § 440.205 (Count X). Defendant timely removed the action to federal court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

**II.**

Plaintiff seeks remand of the entire action to the state court because pursuant to 28 U.S.C. § 1445(c) a federal court lacks subject matter jurisdiction over the Florida Workers' Compensation claim. Specifically, plaintiff asserts that "each statutory claim in this case concerns, at a minimum, Plaintiff's ultimate discharge

from Defendant and there is no separate and independent claim under Finn (American Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1951))." (Doc. #6-1 at 4-5.)  Defendant responds that the Court's supplemental jurisdiction allows the Court to retain the entire action, and alternatively that the Court should remand only the state workers' compensation claim to state court.

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., 200 F.3d 753, 755 (11th Cir. 2000).  The existence of federal question jurisdiction is governed by the well-pleaded complaint rule, which requires the federal question to be presented on the face of plaintiff's properly pleaded complaint.  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).  It is clear that federal question jurisdiction is established on the face of the Complaint as to Counts I, II, III, IV, VI, and VIII.  In addition, the Court can exercise supplemental jurisdiction over state law claims that form part of the same case or controversy as the claim with original federal jurisdiction.  See 28 U.S.C. §§ 1367(a), 1441(c).  This would include Counts V, VII, and IX, which allege claims under the Florida Civil Rights Act, which is modeled upon federal law.

"A few actions, however, cannot be removed from state to federal court."  Reed v. Heil Co., 206 F.3d 1055, 1058 (11th Cir. 2000).  Title 28 U.S.C. § 1445(c) bars the removal of claims from state court "arising under the workmen's compensation laws" of the

forum state. While state law is helpful, whether a claim "arises under" the "workmen's compensation law" is ultimately a matter of federal law. Reed, 206 F.3d at 1059.

In this case, Count X is a retaliatory discharge claim under the Florida Workers' Compensation Act, which provides in part:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

FLA. STAT. § 440.205. It is well settled Florida law that "the statute creates a cause of action for retaliatory discharge." Chase v. Walgreen Co., 750 So. 2d 93, 95-96 (Fla. 5th DCA 1999)(citing Scott v. Otis Elevator Co., 572 So. 2d 902, 903 (Fla. 1990)). The Court finds that, as a matter of federal law, plaintiff's retaliatory discharge claim in Count X "arises under the workmen's compensation law" within the meaning of § 1445(c). The Florida Workers' Compensation statute created the cause of action, and plaintiff's right to relief necessarily depends on resolution of questions of law regarding that statute. Consequently, the Court lacks jurisdiction over Count X. Reed, 206 F.3d at 1061. Count X must therefore be remanded to state court.

While Count X must be remanded, the parties dispute whether the entire case must or should be remanded. Plaintiff argues that the entire case must be remanded, relying upon Finn, which interpreted 28 U.S.C § 1441(c). This statute provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331

-4-

>       of this title is joined with one or more otherwise non-
>       removable claims or causes of action, the entire case may
>       be removed and the district court may determine all
>       issues therein, or, in its discretion, may remand all
>       matters in which State law predominates.

This statute does not apply because six of the nine remain counts are brought under federal statutes and thus do not involve "matters in which State law predominates." The Court clearly has jurisdiction over the federal statutory claims, Reed, 206 F.3d at 1057, and will exercise its discretion under 28 U.S.C. § 1367 to retain jurisdiction over the Florida Civil Rights Act claims.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion to Remand (Doc. #6) is **GRANTED in part and DENIED in part**. Count X only is remanded to state court.

2. The Clerk is **directed** to remand Count X only to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

**DONE AND ORDERED** at Fort Myers, Florida, this   11th   day of September, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record