```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MATTHEW QUITTO,

                Plaintiff,

vs.                         Case No. 2:06-cv-286-FtM-29DNF

BAY COLONY GOLF CLUB, INC.,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss and/or Strike and Memorandum of Law (Doc. #5) filed on June 13, 2006. Plaintiff filed his Response on September 11, 2006. (Doc. #24.) Defendant seeks to dismiss or strike certain types of damages requested as relief in certain counts. The Court addresses the issue as a motion to strike, since the motion does not seek to dismiss an entire cause of action.

**I.**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. The court enjoys broad discretion in determining whether to grant or deny these motions to strike. Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). Motions to strike are generally disfavored by the court. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400

(7th Cir. 1991).  "Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purposes of justice."  <u>Augustus v. Bd. of Public Instruction of Escambia County, Fla.</u>, 306 F.2d 862, 868 (5th Cir. 1962)[1](internal quotation marks and citation omitted).  A court will not exercise this discretion unless the "challenged allegations have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  <u>Reyher v. Trans World Airlines, Inc.</u>, 881 F. Supp. 574, 576 (M.D. Fla. 1995); <u>see</u> <u>also</u> <u>Augustus</u>, 306 F.2d at 868 ("The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."); <u>Story v. Sunshine Foliage World, Inc.</u>, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000); <u>Seibel v. Society Lease, Inc.</u>, 969 F. Supp. 713, 715 (M.D. Fla. 1997).

## II.

On September 11, 2006, the Court ruled on Plaintiff's Motion to Remand.  (Doc. #23.)  In that Opinion and Order, the Court provided a succinct summary of the facts of this case.  (<u>Id.</u> at 1-2.)  Rather than repeat the factual summary, the Court adopts and

---

[1] Pursuant to <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981), all decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent upon this Court.

incorporates the factual summary of the September 11 Opinion and Order.

As a preliminary matter, Plaintiff agrees that compensatory damages are not available to him under Count VIII, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* claim. To the extent that plaintiff sought compensatory damages in Count VIII, the Court will strike that demand.

Defendant also seeks to strike plaintiff's claims for reinstatement and attorney's fees and his demand for a jury trial with respect to Count X of the Complaint. Having severed and remanded Count X to the state court (Doc. #23), the Court will deny defendant's request to strike plaintiff's demands related to Count X.

Defendant contends that plaintiff's demand for punitive damages under Counts III through VII and Count IX and plaintiff's demand for liquidated damages under Count VIII should be stricken. Specifically, defendant argues that plaintiff's demand for punitive damages warrants dismissal or should be stricken because plaintiff "failed to plead any allegations that demonstrate Defendant acted with malice or reckless indifference to Plaintiff's federal or state protected rights under Section 1981, Title VII, the ADA, or the FCRA." (Doc. 5-1 at 2.) Defendant also claims that "plaintiff failed to plead any allegations that would entitle him to liquidated damages under the ADEA." (Id. at 3.) The Court disagrees.

The Court finds that the Complaint provides defendant with adequate notice that plaintiff seeks punitive damages under the various counts and the conduct on which such relief is based. Furthermore, the Court finds that the relevant statutes allow plaintiff to seek punitive and liquidated damages.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. #5) is **DENIED**.

2. Defendant Motion to Strike (Doc. #5) is **GRANTED** as to the request for liquidated damages in Count VIII and is otherwise **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   29th   day of December, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record