UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW QUITTO,

        Plaintiff,

vs.                                      Case No. 2:06-cv-286-FtM-29DNF

BAY COLONY GOLF CLUB, INC.,

        Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant's Motion for Remittitur on Economic and Punitive Damages (Doc. #163) and supporting Memorandum (Doc. #164), both filed on October 4, 2007. Plaintiff filed Memoranda (Docs. #166, 167) in opposition to the motion.

**I.**

     The jury awarded plaintiff $130,000 in economic damages, which defendant asserts is excessive and not supported by the evidence. The issue for the Court is whether there was sufficient evidence from which a reasonable jury could find for the party who prevailed at trial. Chaney v. City of Orlando, Fla., 483 F.3d 1221, 1228 (11th Cir. 2007). The Court looks at the record evidence drawing all inferences in favor of the nonmoving party. Collado v. UPS, 419 F.3d 1143, 1149 (11th Cir. 2005). A Rule 50 motion may not be granted if reasonable and fairminded persons in the exercise of

impartial judgment might reach different conclusions from the evidence at trial.  Walls v. Button Gwinnett Bancorp, Inc., 1 F.3d 1198, 1200 (11th Cir. 1993).  The Court concludes that a reasonable and fairminded jury, viewing the evidence in the light most favorable to plaintiff, could find that $130,000 was an appropriate amount of economic damages.

## II.

The jury also awarded punitive damages in the amount of $200,000.  Defendant argues that there was insufficient evidence to support any amount of punitive damages because it did not act with malice or reckless indifference, and that it meets a "good faith exception" applicable in employment discrimination cases.  While the testimony was certainly in dispute, the Court finds that the evidence, viewed in the light most favorable to plaintiff, would allow a reasonable jury to impose punitive damages because the conduct was committed with malice or with deliberate indifference and not with good faith.

Defendant also argues that the $200,000 in punitive damages is excessive.  The parties agree, however, that this amount must be reduced to $100,000 pursuant to Fla. Stat. § 760.11(5).  The Court finds that the evidence, again viewed in the light most favorable to plaintiff, establishes that $100,000 in punitive damages is not excessive under the standard articulated in BMW of N. Amer. v. Gore, 517 U.S. 559 (1996); State Farm Mut. Auto. Ins. Co. v.

<u>Campbell</u>, 538 U.S. 408 (2003); <u>Kemp v. AT & T</u>, 393 F.3d 1354, 1362-1365 (11th Cir. 2004).

Accordingly, it is now

**ORDERED**:

Defendant's Motion for Remittitur on Economic and Punitive Damages (Doc. #163) is **GRANTED** to the extent that punitive damages will be reduced to $100,000 pursuant to Fla. Stat. § 760.11(5) and is otherwise **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of November, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record