UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW QUITTO,

          Plaintiff,

vs.                        Case No. 2:06-cv-286-FtM-29DNF

BAY COLONY GOLF CLUB, INC.,

          Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Plaintiff's Motion for an Award of Damages, Liquidated Damages, Equitable Remedies, and Entry of Final Judgment (Doc. #169), filed on November 2, 2007. Defendant filed a Memorandum in Opposition (Doc. # 170) on November 7, 2007.

    After trial a jury rendered a verdict in favor of plaintiff on his claims of interference and retaliation under his Family Medical Leave Act (FMLA) and discrimination under the Florida Civil Rights Act (FCRA), and in favor of defendant on the age discrimination claims. The jury awarded $130,000 in compensatory damages, $200,000 in punitive damages, and an advisory $200,000 as to front pay. (Doc. # 157.) In his motion, plaintiff seeks judgment in the following amounts: (1) $130,000 in economic damages pursuant to the jury's verdict; (2) prejudgment interest on the economic damages in

the amount of $20,231.25; (3) liquidated damages in the amount of $150,231.25 under the FMLA; (4) front pay, as determined by the court, in the amount of $460,739.59; (5) punitive damages in the amount of $100,000 (the jury's verdict being capped by a Florida statute); and (6) attorney fees and costs in an unspecified amount. Defendant opposes all requests.

Defendant argues that plaintiff's motion is untimely because it was not filed within the time period set by the Court. However, the minutes of the court proceedings indicate that the Court gave defendant a set time to file post-trial motions, but did not provide a specific time for such motions by plaintiff. (Doc. #155.) Therefore, the Court finds the motion is timely.

**A. Economic and Punitive Damages:**

In other Orders the Court has upheld the jury's findings with regard to the $130,000 in economic damages and $100,000 in punitive damages (adjusted by the statutory cap). The other components are discussed below.

**B. Prejudgment Interest:**

Plaintiff requests prejudgment interest under his FMLA and FCRA claims. Title 29 U.S.C. § 2617(a)(1) provides that an employer shall be liable for prejudgment interest at the prevailing rate. Plaintiff has not cited specific authority allowing prejudgment interest on the FCRA claim other than Fla. Stat. § 760.11(5) which allows the court to provide "affirmative relief."

Defendant's only argument against prejudgment interest is that it is not needed to make plaintiff whole because the $130,000 was $25,000 greater than requested by plaintiff.  The Court finds that plaintiff is entitled to prejudgment interest on his back pay award in order to make him whole, and therefore in the exercise of its discretion will award prejudgment interest.

As to the amount of prejudgment interest, both sides refer to 28 U.S.C. § 1961, although apparently suggesting different interest rates.  The rate to be used changed as of December 21, 2000, and the court now uses the rates equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System.  "The Court has calculated interest using the post-judgment interest rate in effect at the beginning of the year following the year for which back pay is being awarded, and the interest has been compounded annually." Mock v. Bell Helicopter Textron, Inc., No. 6:04-CV-1415, 2007 WL 2774230, at *5 (M.D. Fla. Sept. 24, 2007).  In other words, the back pay awarded for 2005 shall be awarded as of December 31, 2005, and interest shall accrue on the 2005 amount during 2006 at the rate in effect at the beginning of January 2006.  That interest shall be added to the 2005 award.  The total 2005 award, plus the 2006 back pay amount, combined, will then accrue interest during 2007 at the rate in effect in early January 2007, and so on, up until the date of judgment.  Hence Prejudgment interest is calculated as follows:

| Back Pay Year/Interest Year | Back Pay Amount | Running Total- Back Pay Plus Prior Year's Total | Interest Rate and Date of Rate | Interest Amount | Running Total- Back Pay Plus Interest |
|---|---|---|---|---|---|
| 2005/2006 | $25,509.43 | N/A | 4.37% 1/06/2006 | $1,114.76 | $26,624.19 |
| 2006/2007 | $59,685.52 | $86,309.71 | 4.98% 1/05/2007 | $4,298.22 | $90,607.93 |
| 2007/2007 | $44,805.05 | $135,412.98 | See below | See below | N/A |

The prejudgment interest rate for 2007 (01/05/2007) is 4.98%. Interest has accrued on $135,412.98 in 2007 at the rate of $18.48 per day. Through November 15, 2007, the prejudgment interest amount for 2007 is $5,895.12 ($18.48 x 319 days). Total prejudgment interest is thus $11,308.10.

**C. Liquidated Damages:**

Plaintiff seeks liquidated damages of $150,231.25 under the FMLA. "Liquidated damages are awarded presumptively to an employee when an employer violates the FMLA, unless the employer demonstrates that its violation was in good faith and that it had a reasonable basis for believing that its conduct was not in violation of the FMLA." Cooper v. Fulton County, Ga., 458 F.3d 1282, 1287 (11th Cir. 2006). Thus, an employer must have acted with subjective good faith and its conduct must be objective reasonable. Cooper, 458 F.3d at 1288. Viewed in the light most favorable to plaintiff, defendant's conduct was neither objectively reasonable nor performed with subjective good faith. A reasonable jury could have found that defendant intentionally misrepresented the essential functions of plaintiff's job, violated its own policy

of attempting to accommodate employees returning from FMLA leave, failed to return plaintiff's telephone calls or otherwise communicate with him concerning a return to work after medical authorization.

Defendant argues alternatively that plaintiff cannot recover both liquidated damages under the FMLA and punitive damages under the Florida Civil Rights Act (FCRA) because this would constitute an impermissible double recovery since both are punitive in nature. The Eleventh Circuit, however, has generally found that liquidated damages are compensatory in nature, not punitive. Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 934 (11th Cir. 2000). Accordingly, the Court finds no impermissible double recovery for punitive damages under a state law claim and liquidated damages under a FMLA claim. Therefore the Court finds that plaintiff is entitled to liquidated damages in the amount of $141,308.10.

**D. Front Pay:**

Plaintiff also claims entitlement to front pay of $460,739.59 under the FCRA and FMLA. The jury's advisory amount was $200,000.

Defendant argues that neither the FCRA nor the FMLA provide front pay as a remedy. At least one Florida court has upheld front pay in claims brought under the FCRA. Haines City HMA, Inc. v. Carter, 948 So. 2d 904, 905 (Fla. 2d DCA 2007). Additionally, the FMLA provides for "equitable relief as may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C. §

2617(a)(1)(B). While defendant argues this does not provide for front pay as an equitable remedy, the Eleventh Circuit has stated that "the award of front pay is a form of equitable relief" U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 618 (11th Cir. 2000)(citation omitted); Brochu v. City of Riviera Beach, 304 F.3d 1144, 1162 n.31 (11th Cir. 2002). The failure to list front pay after "including" in the statute does not preclude front pay as an available remedy, since the included remedies were clearly not intended to be all inclusive. Additionally, the Court finds that failure to refer to "reinstatement" in the pretrial stipulation did not waive plaintiff's claim of front pay, which was asserted in the pretrial stipulation.

While reinstatement is the presumed appropriate remedy in a wrongful discharge case, front pay may be awarded in lieu of reinstatement when there are extenuating circumstances, such as discord and antagonism between the parties that renders reinstatement ineffective as a make-whole remedy. U.S. E.E.O.C., 213 F.3d at 619. Plaintiff's position as Sous Chef at Bay Colony is no longer available, having been filled by another after plaintiff's termination. Additionally, as the trial testimony clearly exemplified, while the relationship between plaintiff and defendant had been fine during plaintiff's employment, the relationship has essentially been damaged beyond all repair. The Court therefore finds that front pay is an available remedy in this case.

While available, the Court in the exercise of its discretion declines to award front pay in this case because it is not necessary to make plaintiff whole, i.e., to restore him to the economic position he would have occupied but for the illegal conduct by defendant. Plaintiff is currently employed by the Collier County School Board in a job which pays about the same money as when he worked for defendant. The award of economic damages, liquidated damages, and punitive damages fully compensates plaintiff for the past misconduct by defendant, and front pay is not required to make him whole in the foreseeable future.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for an Award of Damages, Liquidated Damages, Equitable Remedies, and Entry of Final Judgment (Doc. #169) is **GRANTED** as to economic damages and the corresponding prejudgment interest, liquidated damages, and punitive damages and is **DENIED** as to front pay.

2. The Clerk of the Court shall enter judgment as follows:

    (a) In favor of plaintiff and against defendant as to Count I (FMLA Interference), Count II (FMLA Retaliation) and Count VII (FCRA-Disability Discrimination).

    (b) In favor of defendant and against plaintiff at to Count III (Race Discrimination under Section 1981), Count IV (Race Discrimination under Title VII), Count V (Race Discrimination under

the FCRA), Count VI (Disability Discrimination under the ADA), Count VIII (Age Discrimination under the ADEA) and Count IX (Age Discrimination under the FCRA). Plaintiff shall take nothing as to these counts.

(c) As to Counts I, II and VII judgment shall enter against defendant in the amounts of: $130,000, prejudgment interest of $11,308.10, liquidated damages of $141,308.10. As to Count VII, judgment shall enter for punitive damages of $100,000; Post judgment interest shall apply to all amounts.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of November, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record